**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-037-KDB-DCK**

| | |
|---|---|
| AMV HOLDINGS, LLC f/k/a | ) |
| MADVAPES HOLDINGS, LLC and | ) |
| MADVAPES FRANCHISING, LLC, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN VAPES, INC., BRYAN | ) |
| HOUGH, individually, CRAIG KINLAW, | ) |
| individually, and WAYNE KINLEY, | ) |
| individually, | ) |
| | ) |
| **Defendants.** | ) |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon joint motion by the parties, and it appearing that the discovery process in this action will involve the production of documents and information that parties and non-parties may contend are confidential and/or proprietary and that good cause exists for the entry of an Order limiting the disclosure of such information, the Court hereby GRANTS the parties' joint Motion and enters the following Protective Order to govern discovery and exchange of documents, electronic data, things, information, testimony, and/or other evidence that the parties, or any non-parties, may consider to be confidential information:

### DEFINITIONS

For purposes of this Order, the following terms shall have the following meanings:

A. "Order" means the version of this Consent Protective Order executed and entered by the Court in the above-captioned case.

B. "Party" or "Parties" means AMV Holdings, LLC f/k/a MadVapes Holdings, LLC, MadVapes Franchising, LLC, American Vapes, Inc., Bryan Hough, Craig Kinlaw, and Wayne Kinley.

C. "Proceedings" means the above-captioned lawsuit currently pending before the undersigned or litigation relating to the subject matter of the above-captioned lawsuit.

D. "Document(s)" shall be construed in its broadest sense and in accordance with the Rules of Federal Civil Procedure and means information in any form whatsoever, including deposition testimony, all written, printed, electronically stored, recorded, taped, digitally encoded, graphic, photographic, or other information and all copies, reproductions, summaries, translations and drafts thereof, including all copies bearing notations and marks not found on the original.

E. "Confidential Information" means either Documents or parts of Documents and the information contained therein that a Party or Non-Party reasonably and in good faith determines to constitute or concern (1) trade secrets or other confidential research or development, (2) commercial and proprietary information such as information related to a Party's customers, vendors, suppliers, sales, marketing, pricing, debts or revenues, (3) personnel records, (4) information subject to confidentiality agreements, (5) financial information or (6) any other confidential or proprietary matter the disclosure of which would competitively disadvantage the Producing Party (as that term is defined in Paragraph H of the Definitions below) and that are marked as "CONFIDENTIAL" through the procedures established in this Order and includes Confidential Information in its original form, in copies, and in any form into which it may be converted or used. Confidential Information may be "CONFIDENTIAL."

F. "Non-Party" means a person or entity who is not identified as a Party in the caption, but who produces Confidential Information to one or more Parties in response to a subpoena, or otherwise.

G. "Producing Party" means any Party or Non-Party producing requested information or documents pursuant to a discovery request or subpoena.

## GENERAL PROVISIONS

1. This Order applies to all Documents submitted, filed, taken, presented, or produced by a Party or any Non-Party to any other Party in connection with the Proceedings.

2. The Parties wish to preserve Confidential Information in Documents and hereby agree to abide by the provisions of this Order.

## DESIGNATION OF CONFIDENTIAL DOCUMENTS

3. The Producing Party who wishes to preserve the confidentiality of the Documents and the information therein must mark the appropriate Documents as "CONFIDENTIAL at the time the copies are produced subject to the provisions of Paragraph 4.

4. For information that a Producing Party believes should be treated as "CONFIDENTIAL", the Parties agree that the Producing Party may designate Confidential Information through these procedures:

   (a) For tangible Documents, by stamping the word(s) "CONFIDENTIAL" on each page for which they seek confidential treatment in a size, color and location which make the designation readily apparent to the Party or Parties.

   (b) For intangible or electronic Documents or files, either by including the word(s) "CONFIDENTIAL" on each page of the Document or by stamping the case or container of the Document with the word "CONFIDENTIAL" and producing the marked Documents to the Party or Parties.

   (c) For any document(s) subsequently marked "CONFIDENTIAL" in accordance with Subparagraph 4(a) by a Party or Non-Party after initial production, the Party or Non-Party shall provide substitute copies to all

3

Parties of all documents subsequently marked "CONFIDENTIAL" to replace the documents not previously marked. Thereafter, the Parties receiving substitute copies shall either return to the Producing Party or destroy all earlier copies of the Document(s) not marked as "CONFIDENTIAL."

(d) Inadvertent failure to designate Documents as Confidential Information or mark Documents as "CONFIDENTIAL" at the time of production shall not waive a Party's or Non-Party's right to designate those Documents as Confidential Information later. If it is understood by the Party, Non-Party or the person receiving the Documents that confidential treatment was intended, the Documents should be treated as Confidential Information. When the Documents are thereafter designated as Confidential Information, the Producing Party shall promptly stamp the documents as "CONFIDENTIAL" in accordance with Subparagraph 4(a) and provide substitute stamped copies of the documents in accordance with this Order. The Parties receiving substitute copies shall either return to the Producing Party or destroy all earlier copies of the document(s) not marked as "CONFIDENTIAL".

(e) During depositions, a Party may state on the record that the testimony of the deponent and any exhibits to his or her testimony are to be treated as Confidential Information and by asking the reporter to stamp those pages and exhibits with the word "CONFIDENTIAL". The reporter shall mark the face of the designated transcript or exhibit, or the designated portion of the transcript or exhibit, accordingly. If less than an entire transcript is designated as confidential, those portions and any exhibits so designated shall be printed on separate, appropriately marked pages and separately bound. Failure of counsel to designate testimony or exhibits as Confidential Information at the deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits, if the testimony or exhibits are marked as "CONFIDENTIAL" within 30 days after the receipt by counsel for the Party seeking confidential treatment of the transcript of the deposition or exhibits thereto.

5. If a Party marks only portions of any Document as "CONFIDENTIAL" then only the Confidential Information within those portions shall be protected by this Order.

6. If a Document containing information subject to the Attorney-Client Privilege or Work Product Doctrine or any legal prohibition against disclosure is inadvertently disclosed, the inadvertent disclosure shall not constitute a waiver by a Party or Non-Party of the Attorney-Client Privilege or Work Product Doctrine or any legal prohibition against disclosure. Upon notification

by a Party or Non-Party to the person to whom the Document was inadvertently disclosed, either (a) the person must immediately return it, including any copies, and shall destroy any notes or work product concerning the Document and the information therein; or (b) if the person to whom the Document was inadvertently disclosed disagrees with the claim or privilege or legal prohibition against disclosure, that person must not use the Document and the information therein until allowed to do so by an Order of the Court. Any motions seeking the return or use of Documents inadvertently disclosed must be made within 20 days of the time the person who made the inadvertent disclosure first gives notice to the person to whom the inadvertent disclosure was made.

## **TREATMENT OF CONFIDENTIAL INFORMATION**

7. Confidential Information produced by any Party or Non-Party may only be used in connection with the Proceedings as limited herein, including but not limited to use in any pleading, motion, or deposition in the Proceedings, and not for any other purpose. If any such material is filed with the Court, or appended to, or disclosed in any court paper, then the Party should follow the instructions in Paragraph 16 of this Order.

8. "CONFIDENTIAL" documents and information may be disclosed to persons listed in Subparagraphs 8(a) through 8(g) below as reasonably necessary, but only on the terms and conditions set forth in Paragraph 9 below.

    (a)    counsel hired by, and working on these Proceedings on behalf of, any Party to these Proceedings;

    (b)    administrative assistants, paralegals, and clerical personnel employed by said hired counsel;

    (c)    to Parties (including directors, officers, employees, agents, principals or partners who are assisting Parties in this Proceeding)

(d) the Court, including individuals serving as jurors, and those employed by the Court;

(e) court reporters and mediators engaged in the Proceedings;

(f) persons noticed for depositions or designated as trial witnesses, specifically excluding any Party, any proposed or prospective Party, any person affiliated with a Party specifically including, but not limited to, directors, members, officers, managers, employees, agents, principals or partners to the extent reasonably necessary by counsel for any of the parties to adequately prepare such witnesses to testify; and

(g) Consultants and experts retained by any Party to this action for the purpose of assisting in the preparation of this action or testifying at the trial of this action.

9. Disclosure of "CONFIDENTIAL" documents and information shall be made to the persons listed in Paragraph 8 only on the following terms and conditions:

(a) Before making disclosure to any person in 8(a) through (e) above, counsel of record for the party making the disclosure shall provide a copy of this Order and advise him or her that he or she is bound by it and the terms therein.

(b) Before making disclosure to any person included in 8(f) and (g) above, counsel of record for the Party making disclosure shall provide each such person with a copy of this Order, shall advise him or her that he or she is bound by it and the terms therein and that this Order is enforceable by the contempt powers of the Court, and shall obtain a signed copy of the confidentiality agreement attached hereto as Exhibit A ("Declaration") from each such person;

(c) Counsel for the Party making disclosure shall be responsible for maintaining copies of the Declarations signed by all persons to whom that Party has made disclosure; and

(d) In the event of any dispute concerning disclosure and for good cause shown, Declarations executed by persons shall be made available for inspection by other counsel on order of the Court.

10. Any person who receives Confidential Information must ensure that it remains secure and is protected against disclosure to anyone except the persons authorized under this Order to have access to it.

11. This Order does not affect the rights of any Party or Non-Party to use its own Confidential Information as it deems appropriate.

12. The production of Documents by a Party or Non-Party under this Order shall not constitute an admission by the Party or Non-Party, nor waive the Party's or Non-Party's rights, with respect to the propriety of their relevance or their disclosure. Nothing in this Order shall preclude a Party or a Non-Party from objecting to any future use of Documents or Information that are designated as Confidential Information.

13. Within 30 days after the termination of this Civil Action No. 5:19-CV-00037, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any person who is in possession of Confidential Information, except that in the custody of the Court, shall return it to the Party or Non-Party who produced it or destroy it (and certify by affidavit that it has been destroyed), unless at that time there are any other Proceedings ongoing relating to the subject matter of Civil Action No. 5:19-CV-00037 in which case the persons in possession of Confidential Information shall comply with the provisions of this Paragraph 13 upon the termination of those then-pending Proceedings.

14. This Order shall survive the final conclusion of the Proceedings and shall continue in full force and effect.

15. All persons bound by this Order are notified that if this Order is violated, the Party or other person or entity who commits a violation may be subject to any sanctions that a court, on motion after a hearing, deems just.

16. If Confidential Information is disclosed in Documents electronically filed with the Court in the Proceedings, the Party seeking to submit any information identified as

"CONFIDENTIAL" shall comply with the requirements and procedures set forth in the Court's local rules.

17. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. However, in the Pretrial Order, counsel for the Parties shall designate the exhibits they assert contain Confidential Information. Following the trial of this action, the designating party may file the exhibits which the designating party contends contain Confidential Information under seal with the Clerk.

18. If a Non-Party wishes to produce Documents under the protections set forth in this Order, the Non-Party may evidence that desire by completing the Declaration attached hereto as Exhibit A, after which time the Non-Party shall have the same rights and duties under this Order as any Party.

19. A party serving a subpoena for documents on a Non-Party shall comply with all local rules regarding service of subpoenas.

## **DISPUTES REGARDING CONFIDENTIAL INFORMATION**

20. A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any Party shall have the right to challenge any designation of "CONFIDENTIAL". Any Party may challenge any designation of confidentiality by written notice to the designating Party's counsel that specifically identifies the Confidential Information and/or documents challenged. Categorical challenges are not permitted. Before seeking any ruling from the Court under this paragraph, the Parties will make a good faith effort to resolve any disputes concerning the confidential treatment of any information. If the Parties or any Party and Non-Party cannot resolve the dispute regarding the designation of "CONFIDENTIAL" Documents or information, the Party objecting to the

designation may apply for a ruling from the Court on the continued status of the information and the burden of showing the propriety of the designation shall be on the Producing Party. The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

21. This Order is without prejudice to the right of any Party or Non-Party to move the Court, upon good cause shown, for greater protection or relief from this Order or other modification of this Order with respect to particular documents and the information therein.

**IT IS SO ORDERED**.

Signed: September 3, 2019

David C. Keesler
United States Magistrate Judge

**CONSENTED AND AGREED TO:**

/s/William S. Cherry III  
William S. Cherry III, NC Bar No. 33860  
Jessica B. Vickers, NC Bar No. 44873  
Manning, Fulton & Skinner, P.A.  
3605 Glenwood Avenue, Suite 500  
PO Box 20389  
Raleigh, NC 27619  
Telephone: (919) 787-8880  
Fax: (919) 325-4604  

Email: cherry@manningfulton.com  
Email: vickers@manningfulton.com  

*Attorney for Plaintiffs*

/s/Jonathan N. Barber *(with permission)*  
Jonathan N. Barber, NC Bar No. 49065  
Barber Power Law Group, PLLC  
205 Regency Executive Park Drive  
Suite 200  
Charlotte, NC 28217  
Telephone: (980) 202-5679  
Fax: (980) 283-8062  

Email: jonathan@franchise.law  

*Attorneys for Defendants*

# EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATTERS

I have read and am familiar with the terms of the Consent Protective Order governing the disclosure of confidential information in the case of *AMV Holdings, LLC f/k/a MadVapes Holdings, LLC, et al. v. American Vapes, Inc., et al.*, Civil Action No: 5:19-CV-00037. I agree to abide by all terms of said Order.

I understand that I may be subject to contempt for violating this Order and will be subject to the jurisdiction of the Court in which this action is pending for the purpose of proceedings to enforce this Order.

I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

_____     _____
Signature                                                                            Date

_____
Name (printed)

Address: _____

Telephone: _____