IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| AMV HOLDINGS, LLC f/k/a MADVAPES HOLDINGS, LLC and MADVAPES FRANCHISING, LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 5:19-CV-00037 |
| v. | )<br>)<br>) |
| AMERICAN VAPES, INC., BRYAN HOUGH, individually, CRAIG KINLAW, individually, and WAYNE KINLEY, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## ORDER, CONSENT PERMANENT INJUNCTION AND JUDGMENT

At the request of the Parties as set forth in their Joint Motion for Entry of Consent Permanent Injunction and Final Judgment (Doc. No. 32), the Court enters the following Order, Permanent Injunction and Judgment in this matter:

**FINDINGS OF FACT**

1. Plaintiffs AMV Holdings, LLC and MadVapes Franchising, LLC (collectively "Plaintiffs" or "MadVapes") is a franchisor in the vaping and e-cigarette business.

2. Defendant American Vapes, Inc. ("American Vapes") is a former franchisee and its owners, the individual Defendants Bryan Hough, Craig Kinlaw and Wayne Kinley (the individual Defendants collectively with American Vapes referred to herein as "Defendants"), are guarantors of the franchise agreements and obligations thereunder.

3. At all relevant times prior to termination of the MadVapes franchise agreements, American Vapes operated eight store locations using MadVapes trademarks at, and in association with, each of the eight locations.

4. American Vapes now operates vaping and electronic cigarette businesses from each of the same eight locations where it operated as a MadVapes franchisee under its trade name "Mellow Vapes."

5. MadVapes Amended Complaint (D.E. 14) identifies six trademarks (the "MADVAPES Trademarks") which include the "MADVAPES" name and in some cases the signature curving design in the style of a plume of smoke as used in association with the "MADVAPES" name. The Parties agree that the MADVAPES Trademarks are valid and protectable.

6. MadVapes filed a Preliminary Injunction Motion (D.E. 16) seeking to enjoin Defendants from, among other things, using its trademarks in connection with American Vapes' new Mellow Vapes business.

7. This Court entered an Order (D.E. 25) granting in part and denying in part MadVapes' Preliminary Injunction Motion.

8. Subsequent to the Court's entry of the Preliminary Injunction Order, the parties entered into a confidential Settlement Agreement in which they agreed to, among other things, the Permanent Injunction contained herein.

## CONCLUSIONS OF LAW

1. The Permanent Injunction granted herein will reduce the irreparable harm alleged by MadVapes, including harm for which MadVapes has no adequate remedy at law.

2. Entering the Permanent Injunction as outlined herein will in no way substantially damage the public.

3. Entering this Permanent Injunction will further the public policy of the state of North Carolina by protecting MadVapes' trademark rights against the Defendants who have agreed that the MADVAPES Trademarks are valid and enforceable and respecting the obligations of Defendants to refrain from using the same in connection with businesses not affiliated with MadVapes.

4. The parties acknowledge that the foregoing findings and conclusions are sufficient to support enforcement of the terms of this Judgment through the Court's contempt powers.

5. The Court has jurisdiction over the parties and the subject matter of this action.

## **CONCLUSIONS OF LAW**

Based on the foregoing FINDINGS and CONCLUSIONS, it is ORDERED as follows:

1. This Permanent Injunction shall issue immediately.

2. All Defendants, and any affiliated or related entities, must cease use of and refrain from using any of the MADVAPES Trademarks in its signage or other designations of the source or identification of its stores or products or otherwise displaying any signage or other designations identifying any of their stores as associated or affiliated with MadVapes.

3. All Defendants, and any affiliated or related entities, must (i) remove all MADVAPES Trademarks from their internet sites and Facebook pages so that the MADVAPES Trademarks do not appear on their internet sites or on their Facebook pages or other social media posts and (ii) refrain from using any of the MADVAPES Trademarks on their internet sites and social media sites, provided that Defendants will not be deemed to be in violation of this Order if

a third party not associated with Defendants uses the MADVAPES Trademarks in a social media post provided the post is unsolicited by and not prompted by Defendants.

4. To the extent not covered by the foregoing, Defendants, and any affiliated or related entities, must refrain from using the MADVAPES Trademarks in any way associated with their Mellow Vapes business or any other businesses they may operate including representing that the store is a MadVapes franchise or otherwise using the MadVapes name prominently in any advertising or marketing of Defendants' businesses.

5. Defendants are not permitted to retain or use any customer sales data reflecting sales of product from their store locations prior to March 20, 2019.

6. Defendants must cease and refrain from using any of the same telephone numbers used at any of their store locations while they were MadVapes locations.

**IT IS SO ORDERED.**

Signed: January 9, 2020

Kenneth D. Bell
United States District Judge

**CONSENTED AND AGREED TO:**

| | |
|---|---|
| /s/William S. Cherry III | /s/Jonathan N. Barber |
| William S. Cherry III, NC Bar No. 33860 | Jonathan N. Barber, NC Bar No. 49065 |
| Jessica B. Vickers, NC Bar No. 44873 | Barber Power Law Group, PLLC |
| Manning, Fulton & Skinner, P.A. | 205 Regency Executive Park Drive |
| 3605 Glenwood Avenue, Suite 500 | Suite 200 |
| PO Box 20389 | Charlotte, NC  28217 |
| Raleigh, NC 27619 | Telephone: (980) 202-5679 |
| Telephone: (919) 787-8880 | Fax: (980) 283-8062 |
| Fax: (919) 325-4604 | |
| | Email:  jonathan@franchise.law |
| Email:  cherry@manningfulton.com | |
| Email:  vickers@manningfulton.com | |
| | |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |